## SHANNON v. WILSON.

It is not necessary that matter of set-off shall be due at the com-
mencement of the action in which it is pleaded, but it will be
available, if it is due, when it is offered in evidence on the trial.

APPEAL from the *Jefferson* Circuit Court.

PERKINS, J.— *Wilson* sued *Shannon*, before a Justice of the
Peace, upon an account. *Shannon* answered, setting up an
account as a set-off. The cause went, by appeal, to the Cir-
cuit Court. In that Court the jury were instructed, upon
the trial of the cause, that, in arriving at the balance of
account between the parties, they would not allow any item
of set-off that had not become due at the time of the com-
mencement of the suit before the Justice of the Peace.
The only question, in this Court, arises upon this instruction.

Our statute of set-off is as follows: " The set-off shall be
allowed only in actions for money demands upon contract,
and must consist of matter arising out of a debt, duty, or
contract, liquidated or not, held by the defendant at the time
the suit was commenced, and matured at or before the time
it is offered as a set-off." 2 G. and H., p. 88, sec. 57.

Literally, this provision requires: 1. That the defendant
shall hold, or be possessed of, the matter of set-off, at the
time the suit is commenced against him. 2. That it shall
be due; that is, matured for an action upon it, at the time
it is offered as a set-off.

The statute evidently has reference to two points of time,
viz.: the commencement of the suit, and the time the mat-
ter is offered in the suit, by the defendant, as a set-off. It
contemplates that these two acts will naturally be performed
at different times. The point of time at which the set-off is
offered, is certainly a later one than the commencement of
the suit; for, at that time, the defendant offers no matter
as a set-off. When, in the progress of the cause, is this

second point of time? This is the question to be determined. Is it when the set-off is pleaded, or when it is offered in evidence on the trial? We think when it is offered in evidence, and for these reasons:

1. If a time is taken later than the commencement of the suit, no reason can be assigned why it should be any other than the time of the trial.

2. We think that the more equitable point of time. If a defendant, at the commencement of a suit, has a set-off against the plaintiff, which will mature before the time of trial, the plaintiff ought to liquidate the amount of that set-off upon his claim before he sues. The policy of the law should be to avoid multiplicity of suits. But there is great justice in limiting this right of set-off to claims held by the defendant at the commencement of the suit, because it would work a hardship upon the plaintiff to be compelled, on the trial, to allow a set-off procured afterward, of which he must, necessarily, have been ignorant, and in no wrong for not crediting upon his account before suit, and which might defeat a suit justly commenced, whereby he would be mulct in costs.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded for another trial, etc.

*H. W. Harrington,* for the appellant.

*James C. Thom,* for the appellee.